NOTICE
Decision filed 07/21/26. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2026 IL App (5th) 260331-U

NO. 5-26-0331

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

| | | |
|---|---|---|
| NEX HOME, INC., | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | St. Clair County. |
| | ) | |
| v. | ) | No. 23-EV-300 |
| | ) | |
| SB BELCO, | ) | Honorable |
| | ) | Patrick R. Foley, |
| Defendant-Appellee. | ) | Judge, presiding. |

JUSTICE VAUGHAN delivered the judgment of the court.
Justices Sholar and Hackett concurred in the judgment.

**ORDER**

¶ 1    *Held*:   This court lacks jurisdiction to address the validity of the circuit court's 2023 order compelling arbitration and staying the proceedings where the underlying order was not timely appealed.

¶ 2    Plaintiff, Nex Home, Inc. (Nex), appeals the circuit court's order granting defendant, SB Belco's (Belco), motion for sanctions. On appeal, Nex argues that the circuit court's 2023 order compelling arbitration was erroneous because the agreement had already expired when arbitration was compelled and enforcement of the arbitration clause was contrary to public policy. For the following reasons, we dismiss the case.

¶ 3                                I. BACKGROUND

¶ 4    On November 4, 2015, Nex and Belco entered into a "Office Build-Out, Possession, and Sale Agreement" (Agreement) related to commercial property in Belleville, Illinois. The

1

Agreement provided Belco with possession of the property in exchange for monthly payments of $5,000. The Agreement provided several bases for termination, including a fixed termination date of January 1, 2021. Belco ceased making payments to Nex in January 2021 but retained possession of the property.

¶ 5 On February 22, 2023, Nex filed a forcible entry and detainer action seeking possession of the commercial property due to Belco's failure to issue payments after January 2021. On April 3, 2023, Belco filed a motion to dismiss and compel arbitration. On April 25, 2023, the circuit court reserved ruling on Belco's motion to dismiss but ordered the parties to arbitration and stayed the litigation. Neither party appealed the circuit court's order. Although arbitration had not yet been completed, on March 18, 2026, Nex served Belco with a five-day possession notice. In response, Belco filed an emergency motion for sanctions based on the 2023 order. Therein, Belco asked the court to instruct Nex to cease and desist any unilateral actions to threaten, coerce, or attempt to forcibly remove Belco from the premises until the arbitration process was completed.

¶ 6 Belco's motion proceeded to hearing on March 20, 2026. After hearing argument, the circuit court issued an order that prohibited Nex from ignoring the court's order staying the proceedings and ordering arbitration. The court's written order issued the same day stated,

> "Having reviewed Defendant's Motion for Sanctions pursuant to Rule 219(c), this Court finds extreme and compelling cause for emergency relief and orders Plaintiff to comply with the Court's previous order directing the dispute to arbitration and to cease and desist any unilateral actions to threaten, or attempt to forcibly remove, or utilize any self-help actions to remove Defendant from the premises in accordance with the Court's previous order pending arbitration, until further Court order."

Nex appeals from the order.

¶ 7                                     II. ANALYSIS

¶ 8      On appeal, Nex contends that the circuit court's April 25, 2023, order compelling arbitration was erroneous. In response, Belco moves this court for dismissal of the appeal claiming this court has no jurisdiction. Alternatively, Belco requests affirmation of the circuit court's order.

¶ 9      Appellate courts have a duty to consider whether they have jurisdiction over an appeal and must dismiss the appeal where jurisdiction is lacking. *In re Marriage of Mackin*, 391 Ill. App. 3d 518, 519 (2009). Accordingly, we first consider whether the circuit court's order was a form of injunctive relief that would provide this court jurisdiction pursuant to Illinois Supreme Court Rule 307(a)(1) (eff. Nov. 1, 2017).

¶ 10     Rule 307(a)(1) addresses interlocutory appeals as of right and states that "[a]n appeal may be taken to the Appellate Court from an interlocutory order of court: (1) granting, modifying, refusing, dissolving, or refusing to dissolve or modify an injunction." Ill. S. Ct. R. 307(a)(1) (eff. Nov. 1, 2017). When determining whether an order "constitutes an appealable injunctive order under Rule 307(a)(1) we look to the substance of the action, not its form." *In re A Minor*, 127 Ill. 2d 247, 260 (1989).

¶ 11     An injunction has been defined by the Illinois Supreme Court as a "judicial process operating *in personam* and requiring [a] person to whom it is directed to do or refrain from doing a particular thing." (Internal quotation marks omitted.) *Id.* at 261. It is well-established that an order granting or denying arbitration is considered an injunctive order which may be appealed pursuant to Rule 307(a). *Salsitz v. Kreiss*, 198 Ill. 2d 1, 11 (2001). Here, there is no dispute that the circuit court's April 25, 2023, order that stayed the proceedings and compelled the parties to arbitration was an injunctive order. However, neither party appealed the April 25, 2023, order.

3

¶ 12    Therefore, the real issue is whether Nex's Rule 307(a)(1) appeal from the circuit court's March 20, 2026, cease and desist order provides this court with jurisdiction to address the circuit court's April 2023 arbitration order. While an order enjoining a party from taking any further steps in an eviction proceeding is consistent with injunctive action, Nex's ability to proceed with an eviction action was previously stayed pursuant to the court's April 25, 2023, order. Nex's initial 2023 complaint was a proceeding requesting the eviction of Belco from the premises. Nex's 2026 notice also requested Belco's eviction from the premises. Further, the only pleading filed with the court was Belco's motion for sanctions based on Nex's noncompliance with the 2023 order. While we agree that the March 20, 2026, order precludes Nex from proceeding with any further steps to evict Belco, that preclusion was already in force pursuant to the April 25, 2023, order compelling arbitration. Notably, no pleading was filed to dissolve or modify the previous order.

¶ 13    "Not every nonfinal order of a court is appealable, even if it compels a party to do or not do a particular thing." *In re A Minor*, 127 Ill. 2d at 261-62. Here, the circuit court's order did not enjoin Nex from doing anything that was not previously enjoined in the 2023 order. Nex's attempt to circumvent the three-year-old order by ignoring the preclusions set forth therein in order to now claim that the 2023 order issued was in error is both improper and untimely. The time to present that argument was either within 30 days after the order compelling arbitration was issued or 30 days after the circuit court enters judgment confirming the arbitration award. See *Salsitz*, 198 Ill. 2d at 11-12. Only in those instances would this court have jurisdiction to hear the argument presented on appeal in this case. As the former has long expired and the latter has not yet occurred, we dismiss the appeal for lack of jurisdiction.

¶ 14                                III. CONCLUSION

¶ 15    For the above stated reasons, we dismiss Nex's appeal.

4

¶ 16    Appeal dismissed.